MÜLLENHOFF & KÖRBER v. QUIÑONES ET AL., JUDGES OF THE DISTRICT COURT OF HUMACAO.

PETITION for a writ of mandamus.

No. 2.—Decided June 27, 1903.

MANDAMUS.—The writ of mandamus will not issue where there is a plain, speedy and adequate remedy at law.

ID.—APPLICATION MUST BE SPECIFIC.—The writ of mandamus will be denied where the application fails to specify particularly what act or acts are required to be performed.

EFFECTIVENESS OF JUDGMENTS.—ALLEGATIONS.—All allegations in reference to the effectiveness of judgments must be heard and determined separately in the manner provided by section 14 of the "Act to secure the effectiveness of judgments."

STATEMENT OF THE CASE.

On the 5th of May last, Manuel Argueso and his wife Ernestina Frías brought an action in the District Court of Humacao against the firm of Müllenhoff & Körber of this City, praying that the said firm be adjudged to execute a deed of purchase and sale within a specified time, of the sugar central factory called "Ingenio", situated within the old municipal district of Yabucoa, upon the basis of its rental value during the last three years, excluding the year of the hurricane, should they not find a third person as purchaser thereof within a period which shall likewise be determined, and the payment of damages and costs.

On the same day (May 5) the plaintiffs prayed the court

ra persona dentro del plazo que también se les asigne, y á la indemnización de daños y perjuicios, con el pago de todas las costas.

*Resultando:* que en el mismo día 5 de Mayo los demandantes solicitaron del expresado Tribunal que habiendo convenido con Müllenhoff y Körber, según la demanda, no hacer éstos ejecución sobre la hacienda "Ingenio" para el cobro de créditos hipotecarios reconocidos por aquéllos en escrituras de 10 de Mayo de 1902, y formalizar como consecuencia la compra venta reclamada, se les prohibiese desde luego hacer traba ó ejecución judicial sobre la referida hacienda, apercibidos de ser castigados por desacato, decretándose á la vez el embargo de bienes en cantidad prudencial para el otorgamiento de la escritura de venta del fundo: y admitida la demanda principal, por providencia de 7 de Mayo, la Corte de Humacao, después que Argueso y consorte prestaron fianza por dos mil dollars, que les fué exigida, por auto de 21 del propio Mayo, prohibió á la Mercantil Müllenhoff y Körber continuar haciendo ejecución en la hacienda "Ingenio", propiedad de los demandantes, apercibida de ser castigada por desacato, sin que hubiera lugar al embargo solicitado, ordenando además la formación de la correspondiente pieza separada.

*Resultando:* que notificada dicha resolución á Müllenhoff y körber, en 29 de Mayo, cuando ya habían promovido ante el Tribunal de Distrito de San Juan cuestión de competencia por inhibitoria, para que el Tribunal de Humacao dejara de conocer en el juicio promovido, la misma Sociedad, bajo la dirección del Letrado Don Jacinto Texidor, presentó á esta Corte Suprema, en 2 del actual, solicitud jurada en que además de exponer que en el juicio no se pedía el cumplimiento de una obligación de no hacer, sino el de una supuesta obligación de hacer, ó sea la de formalización de una escritura, no obstante lo cual, al dictarse el auto de 21 de Mayo, se estimó el caso comprendido en el apartado D de la Sección 2ª de la Ley para asegurar la efectividad de

that, inasmuch as Müllenhoff & Körber had agreed, as set forth in the complaint, not to institute foreclosure proceedings against the estate "Ingenio" for the recovery of mortgage debts acknowledged by plaintiffs in deeds of May 10, 1902, and, as a consequence thereof to execute the deed of purchase and sale requested, and that they be prohibited from attaching or foreclosing upon said estate under penalty of punishment for contempt of court, and at the same time to decree the attachment of sufficient property to secure the execution of the deed of sale of the estate. The principal complaint having been admitted, the Humacao Court, by an order of May 7, after Argueso and his wife had executed a bond in the sum of two thousand dollars as required by an order of May 21, prohibited the firm of Müllenhoff & Körber from continuing to foreclose upon the estate "Ingenio", owned by plaintiffs, the said firm being notified that if they failed to comply with the terms of said order they would be punished for contempt of court, without, however, allowing the attachment prayed for, and further ordered the institution of the proper separate proceedings.

Notice of this order having been served on Müllenhoff & Körber on May 29, when they had already raised the question of jurisdiction in the District Court of San Juan requesting that the Humacao Court be enjoined from taking cognizance of the case, said firm through their counsel, Jacinto Texidor, filed on the 2nd instant a sworn application in this Supreme Court, wherein besides stating that the action was not for the fulfillment of an obligation not to do a certain thing, but a presumed obligation consisting in the doing of a thing, namely, the execution of a deed, notwithstanding which, in making the order of May 21, the case was considered as coming under paragraph (d) of section 2 of an act to secure the effectiveness of judgments, they alleged that they held several mortgage credits against the estate known as "Ingenio", the recovery whereof by summary proceedings was guaranteed by articles 133 of the Mortgage Law and

sentencias, alegó que tenía á su favor varios créditos hipotecarios contra la hacienda llamada "Ingenio", cuyo cobro por procedimiento sumario garantizaban los artículos 133 de la Ley Hipotecaria y 175 del Reglamento para su ejecución, concluyendo con la súplica de que se dicte auto de Mandamus perentorio dirigido en nombre de "El Pueblo de Puerto Rico" al Tribunal de Distrito de Humacao para que, en cumplimiento de los preceptos de la Ley Hipotecaria y su Reglamento, admita y dé toda su tramitación íntegra á las demandas ejecutivas hipotecarias que tenga interpuestas, ó haya de interponer, contra la hacienda "Ingenio" y sus pertenencias, de la propiedad de Don Manuel Argueso y Doña Ernestina Frías, dejando sin efecto el auto de 21 de Mayo en cuanto prohibe y obstaculiza la ejecución de los dichos créditos hipotecarios.

*Resultando:* que librada orden á la Corte de Humacao para que expresara las causas por las cuales no deba dictarse el auto de Mandamus solicitado, se opuso á éste por las razones que consigna en su informe, entre otras, la de limitarse el auto de 21 de Mayo á prohibir á Müllenhoff y Körber *continuaran* haciendo ejecución sobre la hacienda "Ingenio", á cuyo fin tendían las diligencias de embargo preventivo que aquéllos habían promovido ante el Juzgado Municipal de Yabucoa para el cobro de una deuda de refacción vencida ya y reconocida por escritura de 10 de Mayo de 1902, siendo otra de esas razones la de ser el auto de Mandamus un recurso extraordinario que han ejercitado Müllenhoff y Körber, en vez de acudir al que les otorga la Sección 14 de la Ley para asegurar la efectividad de sentencias.

Abogado de los demandantes: *Sr. Texidor.*

### Opinión del Tribunal.

*Considerando:* que según la sección 1ª de la ley estableciendo el auto de Mandamus, dicho auto es altamente privilegiado, y por tanto sólo puede solicitarse á falta de un recurso

175 of the Regulations for the execution thereof. Wherefore they prayed that a peremptory writ of mandamus be issued in the name of "The People of Porto Rico" and directed to the District Court of Humacao, requiring the latter to comply with the provisions of the Mortgage Law and Regulations for the execution thereof, by admitting the foreclosure proceedings instituted or that might be instituted by them against the estate "Ingenio" and the appurtenances thereof, belonging to Manuel Argueso and Ernestina Frías, and leaving without effect the order of May 21, in so far as it prohibits or enjoins the foreclosure procedings for the recovery of said mortgage credits.

An order having been made requiring the Humacao Court to show cause why the writ of mandamus applied for should not be issued, it opposed the granting of the writ for the reasons stated in its answer, among others, that the order of May 21, was confined to prohibiting Müllenhoff & Körber from continuing to prosecute foreclosure proceedings against the estate "Ingenio", which was the object of the proceedings of the cautionary writ of attachment sued out by them in the Municipal Court of Yabucoa for the recovery of an outstanding debt for supplies advanced, and which debt was acknowledged by deed of May 10, 1902; another of said reasons being that the writ of mandamus was an extraordinary remedy to which Müllenhoff & Körber had resorted instead of the one allowed them under section 14 of an act to secure the effectiveness of judgments.

*Mr. Texidor* for plaintiffs.

### Opinion of the Court.

According to section 1 of an act to establish the writ of mandamus, it is a high prerogative writ and therefore it can only be resorted to in the absence of an ordinary remedy for the purpose of obtaining the performance of some act therein specified, appertaining to the office or duty of the

ordinario para obtener el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de las atribuciones ó deberes de la persona, corporación ó autoridad á que vaya dirigido.

*Considerando:* que la solicitud de Müllenhoff y Körber no concreta ó determina el acto ó actos á que deba dar cumplimiento desde luego el Tribunal de Humacao, pues pide se ordene á dicho Tribunal que, atemperándose á la Ley Hipotecaria y su Reglamento, admita y dé toda su tramitación íntegra á las demandas ejecutivas hipotecarias que tengan interpuestas, ó hayan de interponer, contra la hacienda "Ingenio" y sus pertenencias; y ante la generalidad de esa súplica es improcedente el auto de Mandamus perentorio solicitado, ordenando acto ó actos cuya ejecución no puede ser absoluta, sino que se subordina á las gestiones de Müllenhoff y Körber.

*Considerando:* que con arreglo á la sección 14 de la Ley para asegurar la efectividad de sentencias, cualquiera de las partes en el curso de un juicio puede formular pretensiones con relación al aseguramiento de sentencias, y esas pretensiones deben sustanciarse en pieza separada, en la forma que dicha sección previene: por lo que es obvio que Müllenhoff y Körber pueden reclamar contra el auto que dictó el Tribunal de Humacao en 21 de Mayo próximo pasado, y si bien hoy no pueden hacerlo por existir pendiente una cuestión de competencia, resuelta ésta tendrán expedito su derecho para formular las pretensiones que tengan por convenientes ante el Tribunal que resulte competente.

*Se resuelve* no haber lugar á expedir el auto de Mandamus solicitado por la Sociedad Mercantil Müllenhoff y Körber.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández y MacLeary.

Juez disidente: Sr. Figueras.

––––––––––

*Opinión disidente del Juez Asociado Sr. Figueras.*

El Juez Asociado que suscribe disiente del acuerdo toma-

person, corporation or authority to whom or to which it is directed.

The application of Müllenhoff & Körber does not specify or determine what act or acts the Humacao Court is required to perform forthwith, for said court is ordered to proceed in accordance with the Mortgage Law and the regulations for the execution thereof, by admitting and allowing the full prosecution of the foreclosure proceedings instituted or that might be instituted by them, against the estate "Ingenio" and its appurtenances; and in view of the general character of this prayer the peremptory writ of mandamus applied for, ordering an act or acts, the execution whereof cannot be absolute but is subordinate to the proceedings instituted by Müllenhoff & Körber, cannot be issued.

According to section 14 of an act to secure the effectiveness of judgments, any of the parties may in the course of the proceedings, make allegations in relation to the effectiveness of judgments, which must be heard and determined separately in the manner provided for by said section; and it is therefore obvious that Müllenhoff & Körber may object to the order made by the Humacao Court, on May 21, 1902, and although at the present time they cannot do so, owing to the question of jurisdiction under consideration, immediately upon decision of this question they will be in a position to prosecute such claims as may be deemed by them proper before the court declared to be of competent jurisdiction. It is hereby held that the writ of mandamus applied for by the firm of Müllenhoff & Körber, does not lie.

Chief Justice Quiñones, and Justices Hernández and MacLeary concurred.

MR. JUSTICE FIGUERAS dissenting.

The undersigned dissents from the opinion rendered by the majority of the court, because from the record it appears that an action was instituted for the performance of an obligation which evidently consisted in the doing of a thing, and in spite of this, the remedy provided to enjoin the

do por la mayoría de los Sres. que componen el Tribunal, porque de antecedentes resulta que se demandó en juicio el cumplimiento de una obligación que á todas luces consiste en hacer y esto no obstante, se pidió y, con falta de congruencia, se obtuvo, la medida reservada á las obligaciones que consisten en no hacer, cuando para la obligación de la naturaleza de la reclamada está perfectamente asegurada la efectividad de la sentencia que haya de dictarse, en el caso de prosperar la acción ejercitada, con la medida señalada en la Regla (c) de la sección segunda de la Ley votada por la Asamblea Legislativa de esta Isla y aprobada en 1 de Marzo del año próximo pasado; y de este modo, con el menor vejámen posible, se conserva la verdadera armonía que debe existir entre esta ley y la hipotecaria garantía del crédito territorial.—Por estas razones estima el que suscribe procedente el auto de Mandamus que se ha solicitado, y limitaría la medida precautoria á la regla (c) de la repetida sección segunda de la Ley citada con lo cual, sin perjuicio para nadie, conservarían las partes íntegros sus respectivos derechos.

---

### HIDALGO *v.* GARCÍA DE LA TORRE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 79.—Resuelto en Junio 27, 1903.

HIPOTECAS.—Verificada la inscripción de una hipoteca en el Registro de la Propiedad, queda ésta válidamente constituida, y la circunstancia de ser dicha inscripción de fecha posterior á la anotación de un embargo preventivo, practicado sobre los mismos bienes hipotecados, en nada puede lastimar el derecho que sobre ellos haya adquirido el acreedor hipotecario con anterioridad á la fecha en que se verificara la anotación de dicho embargo.

performance or execution of an act was demanded and inconsistently allowed, when, for an obligation such as the one claimed, the effectiveness of the judgment to be rendered is fully secured should the action prosecuted prove successful, by the remedy provided in Rule (C) of section 2 of the act passed by the Legislative Assembly of this Island and approved March 1, 1902. Thus, with the least conflict possible, the true harmony that should exist between this act and the Mortgage Law which guarantees the territorial credit is preserved. For these reasons the undersigned is of the opinion that the writ of mandamus applied for should issue and would confine the cautionary measure to Rule (C) of said section 2 of the above mentioned act, whereby the rights of the parties would be fully preserved without prejudice to anyone.